IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIRGINIA TUCKER, STEPHANIE DOMBROSKI, SANDY PHILLIPS, DAKOTA GRUNWALD, and AMBERLI K. MORRIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>UTAH DEPARTMENT OF CORRECTIONS; JARED GARCIA, Executive Director of the Utah Department of Corrections, in his official capacity; SHARON D'AMICO, Warden of the Utah State Correctional Facility, in her official capacity; UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES; TRACY GRUBER, Executive Director of the Utah Department of Health and Human Services, in her official capacity; DR. STACEY BANK, Executive Medical Director of Clinical Services Utah Department of Health and Human Services, in her official capacity; and DR. MARCUS WISNER, Director of Correctional Health Services, Utah Department of Health and Human Services, in his official capacity,<br><br>Defendants. | **ORDER DENYING MOTIONS WITHOUT PREJUDICE**<br><br><br>Case No. 2:25-cv-01108<br><br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Before the court is a motion in limine and three motions for writs of habeas corpus ad testificandum filed by the Plaintiffs. (ECF Nos. 70–73.) For the foregoing reasons, the court denies the motions without prejudice.

First, the Plaintiffs request the court to order that the Defendants and any witnesses refer to all courtroom participants according to the names and pronouns in the Amended Complaint. (Mot. Limine, ECF No. 73.) While the court recognizes the Plaintiffs' desire for reassurance that

1

they will be treated with dignity, the court is not generally inclined to order parties to follow standard court rules until those rules have been violated. All parties are under a duty to comport themselves in a professional manner and to treat all court staff, parties, and witnesses with respect. If the Plaintiffs believe any witness or party is violating this duty, they may make an appropriate objection on the record. The court will refer to the Plaintiffs according to the allegations in the Amended Complaint—namely, as Ms. Stephanie Dombroski, Ms. Amberli K. Morrigan, Ms. Sandy Phillips, Ms. Virginia Tucker, and Mr. Dakota Grunwald.

Second, the Plaintiffs ask the court to issue writs of habeas corpus ad testificandum for Ms. Dombroski, Ms. Phillips, and Ms. Tucker. The court agrees that the testimony of these Plaintiffs will likely be helpful and is inclined to allow all parties to present any evidence or argument relevant to the issues before the court. That said, the Defendants have not yet had a chance to respond to the motions and the parties did not specify that they were seeking an evidentiary hearing. (See Stip. Mot. Briefing Sched., ECF No. 46.) The court also disagrees with the procedure requested by the Plaintiffs. The responsibility for bringing state prisoners to federal court lies with the U.S. Marshals Service and the court defers to the Marshals' discretion about security concerns. While the court has no objection to the Plaintiffs' request that Ms. Dombroski, Ms. Phillips, and Ms. Tucker be allowed to be unshackled and dressed in civilian clothes, the court finds that the Marshals are best equipped to make these decisions and will defer to their judgment. The hearing is for a civil, not a criminal matter, and there will be no jury present. The court will listen carefully to everything the witnesses have to say regardless of how they are dressed.

**ORDER**

1.      The court DENIES the Plaintiffs' motion in limine (ECF No. 73) without prejudice.  The Plaintiffs may raise these concerns at the hearing if necessary.

2.      The court DENIES the Plaintiffs' motions for writs of habeas corpus ad testificandum (ECF Nos. 70–72) without prejudice.

3.      Within seven days from the date of this order, the Plaintiffs may refile motions for writs of habeas corpus ad testificandum appropriately addressing those writs to the U.S. Marshals Service.[1]

4.      Also within seven days from the date of this order, the Defendants may file any objections to the Plaintiffs' request that Ms. Dombroski, Ms. Phillips, and Ms. Tucker be allowed to testify.

5.      Should the court issue the requested writs, the court will convert the preliminary injunction hearing into an evidentiary hearing.

6.      The court DENIES the Plaintiffs' request for a Rule 16 conference (ECF No. 78). This order's proposed procedure answers several of the questions the Plaintiffs wish the court to address.  The court trusts the parties to determine how best to use the time the court has allotted for the hearing to present any information the parties wish the court to hear.

DATED this 1st day of April, 2026.

BY THE COURT:

_Tena Campbell_

Tena Campbell
United States District Judge

---

[1] While the following template is specific to cases in the Southern Region, the Plaintiffs may use the court's form as a guide: https://www.utd.uscourts.gov/file/motion-and-order-writ-habeas-corpus-ad-testificandumdocx.