David W. Tufts (Bar No. 8736)
DENTONS DURHAM JONES PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: 801-415-3000
Email: david.tufts@dentons.com

*Counsel for Plaintiffs*
[*Additional Counsel in Signature Block*]

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| VIRGINIA TUCKER, STEPHANIE DOMBROSKI, SANDY PHILLIPS, DAKOTA GRUNWALD, and AMBERLI K. MORRIGAN<br><br>Plaintiffs,<br><br>v.<br><br>UTAH DEPARTMENT OF CORRECTIONS; JARED GARCIA, EXECUTIVE DIRECTOR OF THE UTAH DEPARTMENT OF CORRECTIONS, *in his official capacity*; SHARON D'AMICO, WARDEN OF THE UTAH STATE CORRECTIONAL FACILITY, *in her official capacity*; UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES; TRACY GRUBER, EXECUTIVE DIRECTOR OF THE UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in her official capacity*; DR. STACEY BANK, EXECUTIVE MEDICAL DIRECTOR OF CLINICAL SERVICES UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in her official capacity; and* DR. MARCUS WISNER, DIRECTOR OF CORRECTIONAL HEALTH SERVICES, UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in his official capacity.*<br><br>Defendants. | **PLAINTIFFS' RULE 56(d) MOTION, AND MEMORANDUM IN SUPPORT, TO DENY MOTION FOR SUMMARY JUDGMENT**<br><br>Civil Case No.: 2:25-cv-01108-TC<br><br>Judge Tena Campbell |

## I.      INTRODUCTION

Plaintiffs offer this Rule 56(d) Motion in response to Defendants' Summary Judgment Motion on Plaintiffs' Failure to Exhaust ("MSJ," ECF No. 55). Due to the procedural posture and early stage of this case, no formal discovery has taken place. Plaintiffs' Response to Defendants' MSJ (ECF No. 85) establishes that genuine issues of material fact exist as to (1) whether Plaintiffs each fully exhausted the grievance process, and/or (2) whether the grievance process was available to Plaintiffs. However, in the alternative, the Court should grant this Rule 56(d) Motion to permit the discovery Plaintiffs need related to (i) Plaintiffs' grievance records, (ii) Americans with Disabilities Act ("ADAAA") complaint records, (iii) withheld medical and counseling records, (iv) policies, information, and documents related to the exclusion of "gender dysphoria" from Defendants' ADA request process, (v) policies, information, and documents related to H.B. 252 and GEN-29.00 related to the grievance process, and (vi) information and polices related to the AG37 and GEN-29.00 committees so Plaintiffs can more fully oppose Defendants' MSJ. Courts within this District have found it is premature for a defendant to move for summary judgment before their deposition or any other necessary discovery simply because they deny all wrongdoing.[1] Plaintiffs therefore move under Fed. R. Civ. P. 56(d) to deny Defendants' MSJ, or, in the alternative, order limited discovery on the topic of exhaustion. The Fed. R. Civ. P. 56(d) motion should be granted.

---

[1] *Truman v. Johnson*, No. 2:17-CV-775-DAK-CMR, 2024 WL 3359467, at *1 (D. Utah July 8, 2024) (granting Rule 56(d) Motion and refusing to rely solely on defendant's declaration in support of motion for summary judgment when plaintiff had not had an opportunity to depose defendant); *Uroza v. Salt Lake Cnty.*, No. 2:11CV713DAK, 2014 WL 4457300, at *9 (D. Utah Sept. 10, 2014) (granting Rule 56(d) motion and finding "no basis for granting summary judgment based on untested declarations" because no depositions had taken place).

## II.   PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit on December 9, 2025, a Motion for Preliminary Injunction on January 16, 2026, and First Amended Complaint ("FAC") on February 20, 2026. ECF Nos. 1, 35, 52. Defendants have never answered but filed a Motion to Dismiss on January 23, 2026, and a renewed Motion to Dismiss on March 6, 2026. ECF Nos. 45, 45-1 (Declaration of Dr. Marcus Wisner), 54. After the Court set the present hearing dates of April 28-29, Defendants filed their MSJ on March 6, 2026. ECF Nos. 55. There has been no formal discovery because an Answer has not been filed.[2]

## III.   LEGAL STANDARD

Under Fed. R. Civ. P. 56(d), a court may defer or deny summary judgment, allow additional time for discovery, or issue any other appropriate order if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment. The nonmovant's affidavit must identify "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)). A party filing an affidavit under Rule 56(d) "invokes the Court's discretion." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 553-554 (10th Cir. 1993). The general principle is that summary judgment should be refused where the nonmoving

---

[2] Contemporaneously herewith, Plaintiffs filed their Response to the MSJ arguing that summary judgment is improper both because there are genuine issues of material fact as to actual exhaustion and the availability of grievance procedures and because Plaintiffs have had no opportunity to engage in discovery regarding facts needed to rebut Defendants' motion. ECF 85.

party has not had the opportunity to discover information that is essential to opposition.[3] *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). Consequently, "[p]re-discovery motions for summary judgment are rarely granted and are disfavored. Summary judgment with no discovery is to be 'granted only in the clearest of cases' because of the importance of discovery for all parties." *Truman*, 2024 WL 3359467, at *1 (internal citations omitted). Further, "the movant's exclusive control of [relevant] information is a factor weighing heavily in favor of relief under Rule 56(d)." *Price*, 232 F.3d at 783. In prisons much of the evidence is within the control of the Defendants. *See Christiansen v. Braithwaite*, No. 2:17-CV-1123-TS, 2024 WL 943409, at *3 (D. Utah, March 5, 2024) (denying motion for summary judgment and permitting discovery as defendants had "exclusive control" of key evidence, including grievance records).

Motions under Rule 56(d) are "liberally construed unless dilatory or lacking in merit." *Adams v. Goodyear Tire & Rubber Co.*, 184 F.R.D. 369, 373 (D. Kan. 1998) (citing *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993)). Fed. R. Civ. P. 56(d) is designed to safeguard against a premature or improvident grant of summary judgment. *Id.*

## IV.    ARGUMENT

Plaintiffs have established proper exhaustion or demonstrated that Defendants' grievance and ADA processes are unavailable to them and exhaustion is therefore not required. Response to MSJ, at 21-39. Defendants concede Plaintiff Ms. Tucker has exhausted both her Eighth

---

[3] Other courts agree. *See, e.g., Baron Servs. v. Media Weather Innovations LLC*, 717 F.3d 907, 913 (Fed. Cir. 2013) (finding the district court abused its discretion in not delaying a summary judgment ruling where the movant's primary evidence was affidavits and deposing the affiants would provide plaintiff the opportunity to directly challenge the veracity of statements made); *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1037 n.11 (11th Cir. 1987) (finding the district court abused its discretion when it accepted affidavits of employees in support of a motion for summary judgment but refused plaintiffs the opportunity to depose the individuals).

Amendment and ADA claims but argues it is limited to receipt of hormone therapy. MSJ at 19. Ms. Tucker has demonstrated that her grievances and complaints broadly exhaust her diagnosis and treatment of gender dysphoria and discrimination because of her gender dysphoria. Resp. MSJ, at 8-9, 22, 35-38. In their Response, Ms. Phillips and Ms. Dombroski refute Defendants' claim that neither has exhausted their Eighth Amendment claim and ADA claim. Resp. MSJ, at 18-19, 28, 33-34. Finally, Plaintiffs dispute Defendants' contention that neither Mr. Grunwald nor Ms. Morrigan have exhausted their ADA claims. Resp. MSJ, at 4, 9-10, 17-19, 28-30, 34.

Alternatively, if the Court finds these facts and counterarguments insufficient to defeat Defendants' premature motion, Plaintiffs need discovery to obtain evidence to establish exhaustion or the unavailability of administrative remedies. Counsel's detailed declaration is set forth in Ex. A (Declaration of David W. Tufts "Tufts Decl."). The probable facts are not available to Plaintiffs despite Plaintiffs' and counsel's best efforts.

### A.    Key Probable Facts Not Available to Plaintiffs at this Time

Defendants move for summary judgment on the grounds that Plaintiffs failed to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") and the ADA. ECF No. 55, at 1. To refute that claim, Plaintiffs can show that each Plaintiff either fully exhausted the grievance process or the grievance process was otherwise unavailable. Resp. MSJ, at 21-39. Specifically, Plaintiffs need information related to whether the grievance processes were fully available to Plaintiffs, whether all Plaintiffs' complaints and issues could be grieved, what specific issues were actually grieved, what steps Defendants took related to the exclusion of "gender dysphoria" from Defendants' ADA request process, how H.B. 252 and GEN-29.00 related to the grievance process, and the procedures and decision-making process of the Defendants, including their AG37 and GEN-29.00 committees.

### 1. Complete grievance records

Defendants rely on the brief declaration of Jonah Shaw, Administrative Services Director for the Utah DHHS, CHS ("CHS"), ECF No. 56, to claim that the grievance procedures within CHS were not exhausted by each Plaintiff and that they did not properly exhaust ADA claims. Notably, Mr. Shaw is not employed by the UDC and so he may have limited knowledge as to all grievances including prior to the merger of UDC and DHHS to provide health care. It is also unclear how far back in time Mr. Shaw searched for grievances for each plaintiff. This is critical because according to publicly available information, the grievance process was within the responsibility of solely the UDC, until the merger occurring during 2023-2024 which was completed in 2024. In fact, nothing on the DHHS' website refers to grievance procedures by CHS. Plaintiffs should be permitted to propound written discovery on this point and to take the deposition of Mr. Shaw and a representative of Defendant UDC. This information will allow four of the Plaintiffs to show, as they contend in their declarations, that grievances were filed, often refused, or simply ignored. Resp. MSJ, at 4, 8-10, 17-19, 22, 28-30, 33-38.

### 2. Complete ADA request records

Defendants contend that Plaintiffs did not fully exhaust their ADA claims. Again, Plaintiffs should be allowed to propound discovery to Defendants on this point and to take the deposition of Mr. Shaw and any ADA Coordinator for the facility. Plaintiffs offer to the Court the Letter of Finding from the U.S. Department of Justice dated March 13, 2024. DOJ Letter of Findings, Pla. Mot. For PI Ex. 3, ECF No. 36-3 (LOF). DOJ was investigating UDC's violations of the ADA in regard to provision of medical care and nondiscriminatory treatment of people with gender dysphoria within the UDC. DOJ's letter confirms information that was provided to DOJ by UDC that would help to establish what exhaustion was completed, stating:

5

> The Department's investigation of UDOC's compliance with Title II included interviews with Complainant, and with UDOC's Medical Director, ADA Coordinator, and other UDOC staff and UDOC contractors. The Department also requested and reviewed records and polices produced by UDOC. Based on this investigation, the Department has determined that UDOC discriminated against Complainant….

LOF at 2.

This information is controlled by UDC and is necessary for Plaintiffs to oppose Defendants' claims that some Plaintiffs did not exhaust their ADA claims. Plaintiffs can obtain and review the DOJ file for that information and offer it in response to Defendants' assertions.

For Ms. Morrigan, Defendants contend that she did not exhaust the grievance process related to her gender dysphoria care nor exhaust her ADA claim, despite filing a complaint with the DOJ. The LOF itself says otherwise: "UDOC delayed and restricted Complainant's access to medical care for gender dysphoria. It conditioned diagnostic assessment for such care on approval by a committee . . . Complainant did not receive health care for her gender dysphoria for more than fifteen months after she first requested treatment, despite her submitting multiple follow up requests and grievances." LOF at 2. And, "Complainant sought reasonable modifications by completing detailed ADA request forms and making repeated requests orally and in writing to UDOC health care and correctional staff. When these requests were ignored or rejected, she filed grievances and appeals. These, too, were ignored or rejected." LOF at 4. It is thus unreasonable to believe that Ms. Morrigan did not file any grievances other than the few Mr. Shaw noted and did not exhaust those grievances and ADA claims as Defendants contend.

For Plaintiff Ms. Phillips, Defendants claim she failed to file any grievance. However, Ms. Phillips attests that she has filed ADA request related to her gender dysphoria. Plaintiffs have submitted declarations explaining their efforts to exhaust and identifying information controlled by Defendants that would show that the ADA process was unavailable.

6

### 3. Withheld medical and counseling records

Plaintiffs have sought access to all of their correctional records—including medical, counseling, and grievances—as well as both grievances and ADA requests through Utah's Government Records Access and Management Act ("GRAMA"), Utah Code § 63G-2.[4] Tufts Decl. at ¶¶ 14, 17.

Here, records sought contain medical, psychiatric, or psychological data about the Plaintiffs. These records are deemed "controlled" by Defendants and are protected by GRAMA. Under GRAMA, Controlled records may be released by court order.[5]

Defendants repeatedly invoked GRAMA to withhold information sought by Plaintiffs. The withholding of information pursuant to GRAMA means it is not possible for Plaintiffs to obtain all evidence related to the grievance process without intervention by the Court. Plaintiffs need this information to establish exhaustion of their claims and unavailability of administrative remedies to oppose the MSJ.

---

[4] The correctional records sought are deemed "Controlled" under GRAMA. A record is considered "Controlled" under GRAMA if:
    (1) the record contains medical, psychiatric, or psychological data about an individual;
    (2) the governmental entity reasonably believes that:
    (a) releasing the information in the record to the subject of the record would be detrimental to the subject's mental health or to the safety of any individual; or
    (b) releasing the information would constitute a violation of normal professional practice and medical ethics; and
    (3) the governmental entity has properly classified the record.
    Utah Code Ann. § 63G-2-304.

[5] Utah Code Ann. § 63G-2-207(2), provides for the disclosure of private, controlled and protected records when:
    (a)(i) [I]n judicial or administrative proceedings in which an individual is requesting discovery of records classified as private, controlled, or protected under this chapter . . . the court . . . shall follow the procedure in Subsection 63G-2-202(7) before ordering disclosure.
    (ii) Until the court . . . orders disclosure, these records are privileged from discovery.

### 4. Information relating to the exclusion of "gender dysphoria" from Defendants' ADA request processes

Defendants have stymied Plaintiffs' attempts to address their grievances under the ADA process because Defendants have unlawfully excluded the disability of gender dysphoria from its adherence to the ADA. Additional discovery related to the policies, information, and documents regarding the exclusion of "gender dysphoria" from Defendants' ADA request process is necessary to properly assess whether the ADA process was available to Plaintiffs. Plaintiffs should be able to obtain any information UDC provided to the DOJ that resulted in the DOJ's conclusion that UDC's ADA procedures were inadequate.

### 5. Information relating to H.B. 252 and GEN-29.00's interplay with the grievance processes

Defendants' policy and practice of outright denying grievances related to gender dysphoria due to H.B. 252 and GEN-29.00 creates an administrative dead end and, thus, exhaustion is not required. Resp. MSJ, at 22-24, 29. To properly assess whether the grievance process was available, Plaintiffs need additional discovery related to policies, information, and documents regarding H.B. 252 and GEN-29.00 as they relate to Defendants' grievance process.

### 6. Information relating to the AG37 and GEN-29.0 decision making processes

Defendants erected additional barriers related to Plaintiffs receiving treatment for their medical condition of gender dysphoria. FAC ¶¶ 3, 4, 5, 12, 19-23, 77, 79, 80, 101, 111, 114, and Tufts Decl. at ¶ 15. These barriers were not imposed on people who have other medical conditions or disabilities. Therefore, to properly assess whether the grievance process was available, Plaintiffs need information related to the AG37 and GEN-29.00 committees. Several components of these committee, such as the decision making processes, availability of appeals, what decisions can be

8

grieved, and finality of committee decisions are still unknown and require discovery to oppose. With more information regarding AG37 and GEN-29.00, Plaintiffs can show that the decisions of these committees were final, not subject to appeal nor the grievance process, and thus satisfy their exhaustion requirements.

### B.    Steps taken to obtain information

Plaintiffs have attempted to obtain all of their incarceration records, including those related to medical needs, grievances, and mental health. Defendants have mostly refused. This was usually denied based on GRAMA. Tufts Decl. at ¶ 14, 17. Further, Plaintiffs' Counsel Mr. Tufts contacted UDC's counsel to try to obtain at least some of the records, which were delivered in part in February and March 2026. Tufts Decl. at ¶ 18. When Defendants disclosed these records, they did not confirm that they are all of the records. Plaintiffs have confirmed that there are outstanding or undisclosed records.

### C.    Requested time to obtain facts

Additional time will allow Plaintiffs the opportunity to propound formal discovery and take depositions regarding the key facts necessary to address Defendants' MSJ on the issue of exhaustion. Plaintiffs request that the Court deny Defendant's MSJ.

<div align="center">

**CONCLUSION**

</div>

Plaintiffs have specifically identified the probable facts (i.e. unavailability of the administrative processes and proof of exhaustion) that discovery would uncover and explained how the desired time is necessary for Plaintiffs to meet their burden of establishing exhaustion or that Plaintiffs are not required to exhaust administrative remedies because none are available to them. Plaintiffs respectfully request the Court grant this Motion and deny Defendants' Summary

<div align="center">9</div>

Judgment Motion or, in the alternative, defer ruling on Defendants' Summary Judgment Motion until Plaintiffs can conduct limited discovery.

Respectfully submitted April 3, 2026,

<div style="display:flex">
<div>

Sonja D. Kerr*
Liz Dankers*
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Telephone: 610-675-7192
Email: skerr@lambdalegal.org
Email: ldankers@lambdalegal.org

Richard Saenz*
Whit Washington*
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Email: rsaenz@lambdalegal.org
Email: wwashington@lambdalegal.org

Jason M. Groth (Bar No. 16683)
Abigail Cook (Bar No. 19781)
Tom Ford (Bar No. 19795)
Masami T. Kanegae (Bar No. 20270)
ACLU OF UTAH FOUNDATION, INC.
311 South State St., Suite 310
Salt Lake City, UT 84111
Telephone: 801-521-9862
Email: jgroth@acluutah.org
Email: acook@acluutah.org
Email: tford@acluutah.org
Email: mkanegae@acluutah.org

</div>
<div>

/s/ David. W. Tufts

David W. Tufts (Bar No. 8736)
DENTONS DURHAM JONES PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: 801-415-3000
Email: david.tufts@dentons.com

Jacqueline A. Domenella*
Diane O'Connell*
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Telephone: 312-876-8000
Email: jacqui.giannini@dentons.com
Email: diane.oconnell@dentons.com

Evan Wolfson*
Hannah Rochford*
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: 212-768-6700
Email: evan@freedomtomarry.org
Email: hannah.rochford@dentons.com

Anna Isernia*
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Telephone: 202-496-7500
Email: anna.isernia@dentons.com

Attorneys for Plaintiffs
*Admitted *pro hac vice*

</div>
</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April 2026 a true copy of the foregoing has been filed with the Court utilizing its CM/ECF system, which will transmit a notice of electronic filing to counsel of record for all parties in this matter registered with the Court for this purpose.

Signed April 3, 2026

/s/ *David W. Tufts*
David W. Tufts
Counsel for Plaintiffs

11