Abigail Cook (Bar No. 19781)
ACLU OF UTAH FOUNDATION, INC.
311 South State St., Suite 310
Salt Lake City, UT 84111
Telephone: 801-521-9862
Email: acook@acluutah.org

*Counsel for Plaintiffs*
[Additional Counsel on Following Page]

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| VIRGINIA TUCKER, STEPHANIE DOMBROSKI, SANDY PHILLIPS, DAKOTA GRUNWALD, and AMBERLI K. MORRIGAN<br><br>Plaintiffs,<br><br>v.<br><br>UTAH DEPARTMENT OF CORRECTIONS; JARED GARCIA, EXECUTIVE DIRECTOR OF THE UTAH DEPARTMENT OF CORRECTIONS, *in his official capacity*; SHARON D'AMICO, WARDEN OF THE UTAH STATE CORRECTIONAL FACILITY, *in her official capacity*; UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES; TRACY GRUBER, EXECUTIVE DIRECTOR OF THE UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in her official capacity*; DR. STACEY BANK, EXECUTIVE MEDICAL DIRECTOR OF CLINICAL SERVICES UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in her official capacity; and* DR. MARCUS WISNER, DIRECTOR OF CORRECTIONAL HEALTH SERVICES, UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in his official capacity.*<br><br>Defendants. | **PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST TO PRESENT TESTIMONY AT THE PRELIMINARY INJUNCTION HEARING**<br><br>Civil Case No.: 2:25-cv-01108-TC<br><br>Judge Tena Campbell |

Jacqueline A. Domenella*
Diane O'Connell*
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Telephone: 312-876-8000
Email: jacqui.domenella@dentons.com
Email: diane.oconnell@dentons.com

Evan Wolfson*
Hannah Rochford*
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: 212-768-6700
Email: evan@freedomtomarry.org
Email: hannah.rochford@dentons.com

Anna Isernia*
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Telephone: 202-496-7500
Email: anna.isernia@dentons.com

David W. Tufts (Bar No. 8736)
DENTONS DURHAM JONES PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: 801-415-3000
Email: david.tufts@dentons.com

Jason M. Groth (Bar No. 16683)
Tom Ford (Bar No. 19795)
Masami T. Kanegae (Bar No. 20270)
ACLU OF UTAH FOUNDATION, INC.
311 South State St., Suite 310
Salt Lake City, UT 84111
Telephone: 801-521-9862
Email: jgroth@acluutah.org
Email: tford@acluutah.org
Email: mkanegae@acluutah.org

Sonja D. Kerr*
Elizabeth P. Dankers*
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Telephone: 610-675-7192
Email: skerr@lambdalegal.org
Email: ldankers@lambdalegal.org

Richard Saenz*
Whit Washington*
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Email: rsaenz@lambdalegal.org
Email: wwashington@lambdalegal.org

*Counsel for Plaintiffs*

*Pro hac vice* granted by the Court.

ii

## I.    INTRODUCTION

Plaintiffs Virginia Rose Tucker, Stephanie Dombroski, and Sandy Phillips ("Plaintiffs"), by and through counsel, submit this Response to Defendants' Objections to Plaintiffs' Request to Present Testimony at the Preliminary Injunction Hearing ("Defendants' Objection") (ECF No. 95).

Plaintiffs filed their first Motions for Writ of Habeas Corpus ad testificandum ("Motions for Writ") on March 23, 2026, requesting Defendant Utah Department of Corrections ("UDC") to produce Plaintiffs for the evidentiary hearing scheduled in the above-captioned matter on April 28 and 29, 2026. (ECF Nos. 70–72). This Court denied Plaintiffs' Motions for Writ without prejudice, granted seven days for Plaintiffs to refile and Defendants to object to Plaintiffs' testimony while indicating that "testimony of these Plaintiffs will likely be helpful." (ECF No. 79). Plaintiffs then re-filed Motions for Writ of Habeas Corpus ad testificandum ("Renewed Motions for Writ") on April 8, 2026, limiting their requests to transportation, meals, and medication. (ECF Nos. 90–92). Defendants also filed their Objection on April 8, 2026. (ECF No. 95).

Defendants' Objection includes matters outside the scope of this Court's Order. (ECF No. 79, ¶ 4 "Also within seven days from the date of this order, the Defendants may file any objections to the Plaintiffs' request that Ms. Dombroski, Ms. Phillips, and Ms. Tucker be allowed to testify"). To the extent Defendants seek pre-hearing discovery before a Rule 26(f) conference—which has not occurred—such a request must be in the form of a Motion for Expedited Discovery. (ECF No. 51 at ¶ 7). Additionally, Defendants' discussion on Plaintiffs' requests for civilian clothing and relief from shackles is no longer at issue. The Marshals provided instruction on those matters, and Plaintiffs omitted those requests from their Renewed Motions for Writ. Plaintiffs accordingly limit

1

their Response to the issues permitted by the Court related to their Writs and request for live witness testimony.

For the following reasons, Plaintiffs respectfully request the Court grant their request for live witness testimony and their Renewed Motions for Writ.

## II.    ARGUMENT

Plaintiffs' live testimony will assist the Court in making the necessary evidentiary weight and credibility determinations to resolve factual disputes central to Plaintiffs' Motion for Preliminary Injunction and relief. Defendants' objections to live witness testimony based on relevance, prejudice, or being cumulative are misplaced at the preliminary injunction stage because the federal rules of evidence do not apply and there is no jury requiring evidentiary gatekeeping. Plaintiffs' need to effectively put on their case is not offset by common courtroom considerations like security and avoiding disclosure of sensitive information.

A.    **Live testimony is appropriate at the Preliminary Injunction hearing, especially considering that (1) Plaintiffs bear the burden for their Motion for Preliminary Injunction and (2) weight and credibility determinations will be necessary to resolve factual disputes.**

This Court regularly permits live testimony at preliminary injunction evidentiary hearings to assist the court in making credibility and evidentiary determinations. *See Universal Servs. of Am., LP v. Miner*, No. 25-00795, 2025 WL 3022644, at *4 (D. Utah Oct. 29, 2025) (making credibility determinations based on live testimony); *Vivint, Inc. v. Sunrun, Inc.*, No. 24-00034, 2024 WL 3431093, at *4, *9 (D. Utah July 16, 2024) (same); *Chem. Weapons Working Grp., Inc. v. U.S. Dep't of the Army*, 963 F. Supp. 1083, 1085, 1091–94 (D. Utah 1997) (making credibility and evidentiary determinations based on live testimony). The Court has already indicated that live testimony from Plaintiffs will likely be beneficial. (ECF No. 79). It also scheduled the ten-hour

2

hearing over the course of two days (ECF No. 50), which Plaintiffs understood to indicate that the Court was favorable to the presentation of evidence in addition to oral argument.

Despite this Court's ability to hold an evidentiary hearing—and indication of its intent to do so—Defendants have not presented any legal justification as to why this Court, in its discretion, should not hear live Plaintiff testimony. Defendants' objections to live witness testimony based on relevance, prejudice, or being cumulative are not supported by caselaw. Rather, the opposite is true.

Relevant caselaw shows that the evidentiary concerns raised by Defendants have no merit. "[A]s a prudential matter, it bears remembering the obvious: that when a district court holds a hearing on a motion for preliminary injunction it is not conducting a trial on the merits." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003); *APS BioGroup, Inc. v. Sterling Tech., Inc.*, No. 19-02952, 2020 WL 5406128, at *3 (D. Colo. Sept. 9, 2020) ("[T]he Court is merely making a preliminary assessment of Plaintiffs' claims."). The federal rules of evidence *do not* apply at a preliminary injunction hearing. *Id*. "The Court can consider evidence outside the pleadings, including hearsay, when deciding whether to grant a preliminary injunction." *Nilson v. JPMorgan Chase Bank, N.A.*, 690 F. Supp. 2d 1231, 1238 n.2 (D. Utah 2009).

Moreover, live testimony is appropriate considering that Plaintiffs bear the burden of production at the preliminary injunction stage and should be permitted to use their allotted time at the hearing as they see fit—subject to the preference of the Court. Plaintiffs' burden at the preliminary injunction stage requires "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *RoDa*

3

*Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); FED. R. CIV. P. 65. To meet their burden, Plaintiffs have put forward considerable factual evidence through plaintiff and expert declarations. (ECF Nos. 36-4, 34-5, 34-6, 35-7, 35-9). For the first two factors of the preliminary injunction standard, Plaintiffs and their experts' testimony confirming Plaintiffs' diagnosis of gender dysphoria, the medical necessity of Plaintiff's care, injuries related to deprivation of medically necessary care, and the standard treatment for gender dysphoria is crucial to the Court's decision. There are also active factual disputes as to Plaintiffs' access to mental health and medical care for their gender dysphoria and the related harms experienced by Plaintiffs. Thus, it is very likely that the Court will need to make credibility findings before resolving Plaintiffs' Motion for Preliminary Injunction and live testimony will be critical to those findings.

For all these reasons above, Defendants' contention that no factual presentation is required because the issues before the Court are purely legal is unmoored from the pertinent legal standards and ignores Plaintiffs' burden of production on their request for an injunction. Defendants' attempt to circumvent live testimony based on an unsupported reading of Tenth Circuit case law in their Opposition brief presumes that this Court has already found Defendants' legal arguments meritorious. Not so. This Court has granted the parties a hearing, and Defendants cannot unilaterally determine how Plaintiffs use their time at that hearing based on Defendants' belief that their legal arguments will prevail.

Further, while Plaintiffs' declarations provide a useful overview of the facts at issue, they are no substitute for the evidentiary value of live testimony. Live testimony allows the Court to assess credibility in real time, including the witness's demeanor, responsiveness, and consistency

4

under questioning. These are critical components of fact-finding that cannot be captured by written word. Moreover, live testimony with cross-examination enables clarification of ambiguities, exploration of context, and examination of any inconsistencies that may not be apparent from declarations alone. If desired, live testimony also permits the Court itself to question the witnesses "to clarify important points and to ascertain facts." *U.S. v. Orr*, 68 F.3d 1247, 1250 (10th Cir. 1995); FED. R. EVID. 614(b).

As to Defendants' insistence on video testimony, it would not be adequate in this case to provide Plaintiffs' meaningful access to the courts given the potential for an unequal playing field and Plaintiffs' specific needs. If the Court permits Defendants' witnesses to testify in person but Plaintiffs are required to testify virtually, it would create a disparity in fully appreciating the witnesses' testimony. This would disproportionately hinder the Court's ability to make credibility findings. Additionally, both Ms. Tucker and Ms. Phillips are hearing impaired and use hearing aids, which were provided by UDC, placing an additional burden on their ability to participate remotely. In person testimony would permit Plaintiffs to take full advantage of any accommodation necessary to ensure they can fully participate in the proceedings—i.e. the ability to observe directly and sit closely to the person asking questions—and communication can be monitored and adjusted in real time. Even at their best, video calls can be difficult to navigate for those with hearing impairments and both Defendant UDC and this Court have an obligation to ensure Ms. Tucker and Ms. Phillips can fully participate in their case.

**B.      General Security and Privacy Considerations Do Not Outweigh Plaintiffs' Need to Marshal Sufficient Evidence to Support a Preliminary Injunction**

Defendants' general concerns about security and enforcing the protective order are not legal justifications that preclude Plaintiffs' live testimony at an evidentiary hearing. These are not

5

novel concerns for courtrooms or the state prison. Defendant UDC transfers incarcerated people to courthouses daily. Additionally, Defendants' general security concerns are not particular to any Plaintiff. Plaintiffs acknowledge that there will be security-related instructions that they must follow—including complying with the Marshals' request that they remain shackled and in their prison garb—and are prepared to fully comply with those requests. And as for the protective order, the Court and parties will address protected materials in the same manner as they do in any case with sealed records and will take care to prevent inadvertent disclosures. Defendants raise no unique issues for the normal operation of the courtroom in this case.

### III.    CONCLUSION

For all the reasons above, Plaintiffs respectfully request this Court grant their Renewed Motions for Writ and permit live testimony at the hearing scheduled in this matter for April 28 and 29, 2026.

Respectfully submitted April 10, 2026,

s/ *Abigail Cook*
**Abigail Cook**
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2026, a true and correct copy of the foregoing was served on Defendants via ECF.

s/ *Abigail Cook*
**Abigail Cook**
Attorney for Plaintiffs