Jason M. Groth (Bar No. 16683)
ACLU OF UTAH FOUNDATION, INC.
311 South State St., Suite 310
Salt Lake City, UT 84111
Telephone: 801-521-9862
Email: jgroth@acluutah.org

*Counsel for Plaintiffs*
[Additional Counsel on Following Page]

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| VIRGINIA TUCKER, STEPHANIE DOMBROSKI, SANDY PHILLIPS, DAKOTA GRUNWALD, and AMBERLI K. MORRIGAN<br><br>Plaintiffs,<br><br>v.<br><br>UTAH DEPARTMENT OF CORRECTIONS; JARED GARCIA, EXECUTIVE DIRECTOR OF THE UTAH DEPARTMENT OF CORRECTIONS, *in his official capacity*; SHARON D'AMICO, WARDEN OF THE UTAH STATE CORRECTIONAL FACILITY, *in her official capacity*; UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES; TRACY GRUBER, EXECUTIVE DIRECTOR OF THE UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in her official capacity*; DR. STACEY BANK, EXECUTIVE MEDICAL DIRECTOR OF CLINICAL SERVICES UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in her official capacity; and* DR. MARCUS WISNER, DIRECTOR OF CORRECTIONAL HEALTH SERVICES, UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in his official capacity.*<br><br>Defendants. | **REPLY IN SUPPORT OF PLAINTIFFS' RULE 56(d) MOTION TO DENY MOTION FOR SUMMARY JUDGMENT**<br><br>Civil Case No.: 2:25-cv-01108-TC<br><br>Judge Tena Campbell |

Jacqueline A. Domenella*
Diane O'Connell*
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Telephone: 312-876-8000
Email: jacqui.domenella@dentons.com
Email: diane.oconnell@dentons.com

Evan Wolfson*
Hannah Rochford*
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: 212-768-6700
Email: evan@freedomtomarry.org
Email: hannah.rochford@dentons.com

Anna Isernia*
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Telephone: 202-496-7500
Email: anna.isernia@dentons.com

David W. Tufts (Bar No. 8736)
DENTONS DURHAM JONES PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: 801-415-3000
Email: david.tufts@dentons.com

Abigail Cook (Bar No. 19781)
Tom Ford (Bar No. 19795)
Masami T. Kanegae (Bar No. 20270)
ACLU OF UTAH FOUNDATION, INC.
311 South State St., Suite 310
Salt Lake City, UT 84111
Telephone: 801-521-9862
Email: acook@acluutah.org
Email: tford@acluutah.org
Email: mkanegae@acluutah.org

Sonja D. Kerr*
Elizabeth P. Dankers*
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Telephone: 610-675-7192
Email: skerr@lambdalegal.org
Email: ldankers@lambdalegal.org

Richard Saenz*
Whit Washington*
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Email: rsaenz@lambdalegal.org
Email: wwashington@lambdalegal.org

*Counsel for Plaintiffs*

**Pro hac vice* granted by the Court.*

ii

## I.    Introduction

Defendants' Reply in Support of their Motion for Summary Judgment on the issue of exhaustion demonstrates precisely why discovery is needed. For the first time, Defendants identified a supposed internal miscommunication resulting in certain grievance records not being produced initially. Although Defendants claim that production is now complete, Plaintiffs need not take their word for it. For this reason alone, Defendants' Motion for Summary Judgment should be denied and Plaintiffs' Rule 56(d) Motion granted.

Additionally, in both Plaintiffs' Rule 56(d) Motion and Plaintiffs' Response to Defendants' Motion for Summary Judgment, Plaintiffs assert that the dead end exception to the PLRA exhaustion requirement applies because the Defendants do not have the authority to provide the relief sought through the grievance process therefore raising a genuine issue of a material fact in opposition to Defendants' Motion for Summary Judgment. But Defendants' Opposition to Plaintiffs' Rule 56(d) Motion ("Opposition") mostly ignores that Plaintiffs raise the dead end exception and that Plaintiffs are seeking additional discovery for facts specifically related to the availability of the administrative relief through the grievance process. In doing so, Defendants point exclusively to the actions of the Plaintiffs, but disregard that whether the exhaustion exception applies will require discovery related to Defendants' own actions and a lack of authority to provide administrative remedies.

## II.    Argument

At this stage—before discovery has commenced and not a single deposition has taken place—Defendants' Motion for Summary Judgment is premature. Rule 56(d) Motions are "liberally construed unless dilatory or lacking in merit." Motion at 3; *Adams v. Goodyear Tire &*

1

*Rubber Co*., 184 F.R.D. 369, 373 (D. Kan. 1998) (citing *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993)). Defendants' reliance on inapposite authority only underscores the point. In *Black Oak Capital*, the discovery period had already closed, and the movant was seeking to re-open discovery. *Black Oak Cap. Boca, LLC, v. Paul Evans, LLC*, No. 2:24-CV-00209-DBB, 2026 WL 776087, at *4 (D. Utah Mar. 19, 2026). Not so here. Likewise, in *Birch*, the movant sought to re-open discovery five months after the discovery deadline. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1245, 1250 (10th Cir. 2015). Plaintiffs do not seek to reopen discovery after being dilatory; they only request an initial opportunity to propound and fully evaluate discovery on the issue of exhaustion, the availability of remedies under the grievance process, and whether the dead end exception applies.[1] Exhaustion of the grievance process under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Defendants first raised this defense on March 6, 2026, in their Motion for Summary Judgment. Courts have permitted limited discovery in the circumstances presented here. *See, e.g., Wallace v. Baldwin*, 55 F.4th 535, 544 (7th Cir. 2022) (remanding for limited discovery on whether the "dead end" exception applied, recognizing the inquiry as fact-specific). As Plaintiffs previously discussed, the lack of any depositions to test declarations is particularly compelling in the context of granting a Rule 56(d) Motion. Motion at 2-3.

Defendants also claim that Plaintiffs' Rule 56(d) Declaration is deficient. It is not. The Declaration of David W. Tufts goes beyond stating that discovery is incomplete and instead specifically explains what discovery will be conducted, what facts that discovery is expected to

---

[1] Defendants falsely claim that "[t]here is no reason why Plaintiffs could not have noticed" depositions. Opposition at 9. Depositions prior to a Rule 26(f) Conference are prohibited by federal rule without leave of court. Fed. R. Civ. P. 30(a)(2); Fed. R. Civ. P. 26(d).

2

reveal, and how those facts will enable the Plaintiffs to controvert the Defendants' showing of no genuine dispute of material fact. Tufts Decl., Dkt. No. 88-1, Ex. A., at ¶¶ 3-19; *see Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010).

Defendants further argue that the requested discovery is irrelevant to the issue of exhaustion. That assertion fails. Each category of discovery sought is specifically tailored to address Defendants' contention that exhaustion has not occurred. Plaintiffs' grievance records and ADAAA complaint records go directly to whether the administrative relief under the grievance process was pursued or available. Motion at 5-6. Defendants try to claim that the discovery sought about the DOJ investigation of UDC's violations of the ADAAA related to medical care for people with gender dysphoria is not relevant. Opposition at 4-5. This is wrong. As explained in Plaintiffs' Rule 56(d) Motion, the DOJ findings specifically opined on the grievance process itself. Motion at 5-6. And each of the remaining categories of discovery sought in the Rule 56(d) Motion tie directly to whether the administrative relief under the grievance process was unavailable and will allow Plaintiffs to more fully oppose Defendants' MSJ on the dead end exception. Motion at 7-8.

Defendants' declarations and bare assertions regarding the grievance process do not eliminate the need for discovery. Plaintiffs should be permitted to test those assertions through depositions and written discovery. Indeed, Defendants' own opposition highlights the types of gaps requiring further inquiry. In their Reply in Support of the MSJ, Defendants submitted supplemental declarations acknowledging internal miscommunications led to certain grievance records not being searched prior to Plaintiffs pointing out the apparent deficiencies in the Rule 56(d) Motion and Response to the MSJ. These post hoc corrections only underscore why discovery

is necessary to assess the completeness of the record, the availability of administrative relief under the grievance process, and whether a dead end exception applies.

### III.    Conclusion

For the foregoing reasons, Plaintiffs request that the Court deny Defendants' Motion for Summary Judgment in its entirety or, alternatively, grant the Rule 56(d) motion and defer ruling on the Motion for Summary Judgment until the parties complete discovery on the issue of exhaustion.

Respectfully submitted April 27, 2026,

David W. Tufts (Bar No. 8736)
DENTONS DURHAM JONES PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: 801-415-3000
Email: david.tufts@dentons.com

Sonja D. Kerr*
Elizabeth P. Dankers*
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Telephone: 610-675-7192
Email: skerr@lambdalegal.org
Email: ldankers@lambdalegal.org

Anna Isernia*
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Telephone: 202-496-7500
Email: anna.isernia@dentons.com

Richard Saenz*
Whit Washington*
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Email: rsaenz@lambdalegal.org
Email: wwashington@lambdalegal.org

*/s/ Jason M. Groth*
Jason M. Groth (Bar No. 16683)
Abigail Cook (Bar No. 19781)
Tom Ford (Bar No. 19795)
Masami T. Kanegae (Bar No. 20270)
ACLU OF UTAH FOUNDATION, INC.
311 South State St., Suite 310
Salt Lake City, UT 84111
Telephone: 801-521-9862
Email: jgroth@acluutah.org
Email: acook@acluutah.org
Email: tford@acluutah.org
Email: mkanegae@acluutah.org

Jacqueline A. Domenella*
Diane O'Connell*
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Telephone: 312-876-8000
Email: jacqui.domenella@dentons.com
Email: diane.oconnell@dentons.com

Evan Wolfson*
Hannah Rochford*
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: 212-768-6700
Email: evan@freedomtomarry.org
Email: hannah.rochford@dentons.com

*Counsel for Plaintiffs*

*Pro hac vice* granted by the Court.

5

## <u>CERTFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all Defendants via this Court's CM/ECF system on April 27, 2026.


<u>/s/ Jason M. Groth</u>
Jason M. Groth