Derek Brown
Utah Attorney General

David N. Wolf (6688)
Keith W. Barlow (15532)
Jorden W. Truman (19718)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY
GENERAL
Telephone: (385) 584-6509
dnwolf@agutah.gov
kwbarlow@agutah.gov
jwtruman@agutah.gov

*Counsel for Defendants*

Heather Chesnut (6934)
Assistant Utah Attorney General
OFFICE OF THE UTAH ATTORNEY
GENERAL
Telephone: (385) 584-6509
hchesnut@agutah.gov

*Counsel for Utah Department of Corrections*

Stephanie Saperstein (5541)
Mollie McDonald (8589)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY
GENERAL
Telephone: (385) 584-6509
stephaniesaperstein@agutah.gov
mlmcdonald@agutah.gov

*Counsel for Utah Department of Health and Human Services*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| VIRGINIA TUCKER, STEPHANIE DOMBROSKI, SANDY PHILLIPS, DAKOTA GRUNWALD, and AMBERLI K. MORRIGAN,<br><br>*Plaintiffs*,<br><br>v.<br><br>UTAH DEPARTMENT OF CORRECTIONS; JARED GARCIA, EXECUTIVE DIRECTOR OF THE UTAH DEPARTMENT OF CORRECTIONS, *in his official capacity*; SHARON D'AMICO, WARDEN OF THE UTAH STATE CORRECTIONAL FACILITY, *in her official capacity*; UTAH | **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY – *WEST VIRGINIA v. B.P.J.***<br><br>Case No. 2:25-cv-01108<br><br>Honorable Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

DEPARTMENT OF HEALTH AND HUMAN SERVICES; TRACY GRUBER, EXECUTIVE DIRECTOR OF THE UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in her official capacity*; DR. STACEY BANK, EXECUTIVE MEDICAL DIRECTOR OF CLINICAL SERVICES UTAH DEPARMENT OF HEALTH AND HUMAN SERVICES, *in her official capacity*; *and* DR. MARCUS WISNER, DIRECTOR OF CORRECTIONAL HEALTH SERVICES, UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in his official capacity*.

*Defendants*.

Defendants respectfully submit notice of supplemental authority, *West Virginia v. B.P.J.*, 609 U.S. ___, No. 24-43 (2026).[1] In *B.P.J.*, two male-to-female transgender athletes—one a minor and one an adult—challenged state laws that categorically "banned all biological males from competing in women's and girls' sports." *Id.* at 2, 6-7. They sought to invalidate those laws under Title IX and the Equal Protection Clause. *Id.* at 17. The Supreme Court upheld the state laws, explaining in part that courts should defer to state policymaking in areas marked by medical and scientific disagreement and uncertainty. *Id.* at 24-26.

*B.P.J.* supports Defendants' argument that the Utah Legislature is entitled to deference when acting in areas of medical and scientific uncertainty. (ECF No. 82, at 23-25 ("PI Opp.").) The Court in *B.P.J.* stated that "in assessing state and federal laws passed under circumstances of 'medical and scientific uncertainty,' this Court has often said that the Judiciary must be cautious about … invalidating laws." *Id.* at 24. "[I]n those circumstances," "[t]he legislatures … maintain wide discretion to pass legislation." *Id.* Indeed, "where such disagreement exists … legislatures

---

[1] Attached as Exhibit 1.

have been afforded the widest latitude in drafting such statutes." *Id.* at 25 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 360 n.3 (1997).

Further relevant to Defendants' legislative deference arguments, the *B.P.J.* Court provided guidance for courts when applying that deference. It cautioned that "[e]specially on medical and scientific matters where there is serious debate and disagreement, it can be difficult for courts to meaningfully evaluate the considered policy judgments of the lawmakers who have scrutinized the medical evidence and scientific data before them, and have made a reasoned decision." *Id.* at 24-25. It further cautioned that "[w]hen there are 'open questions regarding basic factual issues before medical authorities and other regulatory bodies,' there is 'little basis for judicial responses in absolute terms.'" *Id.* at 24-25 (quoting *United States v. Skrmetti*, 605 U.S. 495, 525 (2025) (cleaned up). "Stated simply, 'courts should be cautious not to rewrite legislation' 'in areas fraught with medical and scientific uncertainties.'" *Id.* (quoting *Marshall v. United States*, 414 U.S. 417, 427 (1974)).

The *B.P.J.* Court turned to legislative deference because the factual and scientific underpinning of the athletes' argument was "the subject of ongoing medical and scientific debate," "not settled in their direction at this time." *B.P.J.*, slip. op. at 24. This is relevant to Defendants' position, supported by studies and expert opinions, that the benefits of HRT remain disputed and uncertain. (*See* PI Opp. at 4-9.)

*B.P.J.* is further relevant to the instant matter because Plaintiffs dispute the applicability of *United States v. Skrmetti*, 605 U.S. 495 (2025) to this case. (*Contrast* ECF No. 144 ("Tr.") at 346 (Defendants emphasizing *Skrmetti*'s relevance) *with id.* at 348-349 (Plaintiffs arguing that "*Skrmetti* is simply not applicable in this situation" because it was an equal protection case dealing with transgender minors).) Notably, the *B.P.J.* Court applied the legislative deference

principles espoused in *Skrmetti* to reject the athletes' claims, even though the ruling involved both a minor *and* an adult athlete. *B.P.J.*, slip. op. at 24-26.

In short, *B.P.J.* calls for legislative deference in areas of medical and scientific uncertainty, cautions courts against treating that deference lightly, and confirms that such deference (as discussed in *Skrmetti*) is not limited to cases involving transgender minors.

DATED: July 2, 2026

OFFICE OF THE UTAH ATTORNEY GENERAL

*/s/ Jorden W. Truman*
JORDEN TRUMAN
Assistant Utah Attorney General