Abigail Cook (Bar No. 19781)
ACLU OF UTAH FOUNDATION, INC.
311 South State St., Suite 310
Salt Lake City, UT 84111
Telephone: 801-521-9862
Email: acook@acluutah.org

*Counsel for Plaintiffs*
[Additional Counsel on Signature Page]

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| VIRGINIA TUCKER, STEPHANIE DOMBROSKI, SANDY PHILLIPS, DAKOTA GRUNWALD, and AMBERLI K. MORRIGAN<br><br>Plaintiffs,<br><br>v.<br><br>UTAH DEPARTMENT OF CORRECTIONS; JARED GARCIA, EXECUTIVE DIRECTOR OF THE UTAH DEPARTMENT OF CORRECTIONS, *in his official capacity*; SHARON D'AMICO, WARDEN OF THE UTAH STATE CORRECTIONAL FACILITY, *in her official capacity*; UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES; TRACY GRUBER, EXECUTIVE DIRECTOR OF THE UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in her official capacity*; DR. STACEY BANK, EXECUTIVE MEDICAL DIRECTOR OF CLINICAL SERVICES UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in her official capacity; and* DR. MARCUS WISNER, DIRECTOR OF CORRECTIONAL HEALTH SERVICES, UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, *in his official capacity.*<br><br>Defendants. | **PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY – *WEST VIRGINIA v. BPJ***<br><br>Civil Case No.: 2:25-cv-01108-TC<br><br>Judge Tena Campbell |

1

Plaintiffs respectfully respond to Defendants' Notice of Supplemental Authority, *West Virginia v. B.P.J.*, 609 U.S. ___, No. 24-43 (2026), ECF No. 150. *B.P.J.*'s holding does not apply to the legal claims at issue in this case for the following reasons. First, *B.P.J.* contends with transgender athletes in school-sponsored sports and does not address any questions related to the medical necessity of hormone therapy as treatment for gender dysphoria, nor statutory protections under the Americans with Disabilities Act ("ADA"). Second, *B.P.J.*'s Equal Protection claim is fundamentally different than Plaintiffs' Eighth Amendment claim. Third, *B.P.J.*'s emphasis on judicial deference to the legislature stems from a concern that is immaterial to this case—whether courts could equitably make individual assessments for each athlete in each sport. Fourth, *B.P.J.*'s judicial deference presupposes that a legislature "scrutinized the medical evidence and scientific data" to come to their decision—no such thing happened when the Utah Legislature passed HB 252. *Id., slip op.* at 25 (citation omitted). And finally, the Court in *B.P.J.* found an "ongoing medical and scientific debate" about competitive advantages for transgender athletes where no such ongoing medical and scientific debate exists in *Tucker*. *Id*. at 24.

First, the context of *B.P.J* and its discussion related to hormones is acutely distinct from this case. At the outset, Justice Kavanaugh references the unique context of sports nine times. *See, e.g.*, *id*. at 19, 20, 22 ("the sports context is again crucial"; "in the distinctive sports context"; "[p]articularly in the sports context"). The core discussion concerns potential sex discrimination, fair competition in sports, and risk of sport-related physical injury, none of which are at issue in this case. Further, the question the Court addresses related to hormone therapy is not its safety, efficacy, or medical necessity, but rather, its impact on potential athletic advantages. *Id*. at 24 ("Finally, the underlying medical and scientific premise of the plaintiffs' entire equal protection argument is that at least some biological males who identify as female and take puberty blockers or hormones do not retain physical advantages over biological females").

Second, *B.P.J.*'s equal protection claim is subject to a completely different standard than the *Tucker* Plaintiffs' Eighth Amendment claim. Nothing in the Court's decision addresses the Eighth Amendment constitutional framework applicable to incarcerated adults with gender dysphoria, to whom the state owes an affirmative constitutional duty to provide adequate medical care, and its prohibition on categorical bans on treatments for particular medical conditions. Nor does it address the statutory protections under the ADA for Plaintiffs' disability of gender dysphoria.

Third, *B.P.J.*'s emphasis on judicial deference to the legislature results, in large part, from the Court's concern that "determining the effects of the puberty blockers and hormones taken by transgender athletes—and then comparing each of those transgender athletes' abilities to those of other individual biological males and individual biological females in the relevant sport—would be an almost impossible task for a judge to perform on an equitable basis." *Id*. at 22. This concern is inapplicable here where Plaintiffs' requested relief is for medical providers, not judges, to make medical determinations.

Fourth, *B.P.J.*'s emphasis on judicial deference also presupposes that a legislature "scrutinized the medical evidence and scientific data before them, and have made a reasoned decision." *Id*. at 25 (citation omitted). And, even when the legislature has presumably reviewed "medical evidence and scientific data," the Court cautions that "judicial deference does not mean abdication." *Id*. at 25. Defendants have provided no argument nor evidence that the Utah legislature considered any medical or scientific data in passing HB 252, let alone scrutinized the data in a way that would merit deference.

And fifth, the Court in *B.P.J.* found an "ongoing medical and scientific debate" about whether transgender athletes taking puberty blockers and hormone therapy maintain an athletic advantage in sports. *Id*. at 25. Not so here. The record before this Court states the opposite: "There is no significant difference of opinion that transgender people with gender dysphoria need hormone replacement therapy." ECF No. 144, Transcript of Evidentiary Hearing Vol. II, at 218:8–10, April 26, 2026.

Respectfully submitted July 9, 2026,

David W. Tufts (Bar No. 8736)
DENTONS DURHAM JONES PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: 801-415-3000
Email: david.tufts@dentons.com

Sonja D. Kerr*
Elizabeth P. Dankers*
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Telephone: 610-675-7192
Email: skerr@lambdalegal.org
Email: ldankers@lambdalegal.org

Anna Isernia*
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Telephone: 202-496-7500
Email: anna.isernia@dentons.com

Richard Saenz*
Whit Washington*
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: 212-809-8585
Email: rsaenz@lambdalegal.org
Email: wwashington@lambdalegal.org

/s/ Abigail Cook

Abigail Cook (Bar No. 19781)
Jason M. Groth (Bar No. 16683)
Tom Ford (Bar No. 19795)
Masami T. Kanegae (Bar No. 20270)
ACLU OF UTAH FOUNDATION, INC.
311 South State St., Suite 310
Salt Lake City, UT 84111
Telephone: 801-521-9862
Email: jgroth@acluutah.org
Email: acook@acluutah.org
Email: tford@acluutah.org
Email: mkanegae@acluutah.org

Jacqueline A. Domenella*
Diane O'Connell*
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Telephone: 312-876-8000
Email: jacqui.domenella@dentons.com
Email: diane.oconnell@dentons.com

Evan Wolfson*
Hannah Rochford*
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: 212-768-6700
Email: evan@freedomtomarry.org
Email: hannah.rochford@dentons.com

*Counsel for Plaintiffs*

*Admitted Pro Hac Vice*

# <u>CERTFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all Defendants via this Court's CM/ECF system on July 9, 2026.

*/s/ Abigail Cook*
Abigail Cook